(Reap. Dec. 10597)

FINWOOD INDUSTRIES, INC. *v.* UNITED STATES

Entry No. 3119.

(Decided October 9, 1963)

*Siegel, Mandell & Davidson* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: Counsel for the respective parties have submitted this appeal for reappraisement for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto that the merchandise involved in the appeal for reappraisement

enumerated on the schedule attached hereto and made a part thereof, consists of birch plywood exported from Finland in the year 1955 and that the merchandise described in the schedule attached hereto is properly valued on the basis of Export Value, as defined in Section 402(d) of the Tariff Act of 1930, as amended.

IT IS FURTHER STIPULATED AND AGREED that the merchandise and the issues involved in the above designated appeal for reappraisement are the same in all material respects as those involved in *United States* v. *Plywood & Door Manufacturers Corporation* A.R.D. No. 133 (decided on remand in R.D. 10151) and that the record in the cited case may be incorporated in the record herein.

IT IS FURTHER STIPULATED AND AGREED that the value or the price of the merchandise described in the schedule hereto annexed, at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States, was the values set forth in Column "4" of the schedule attached hereto, packed, less the pro-rated amounts of the nondutiable charges set forth directly after the description of the merchandise in said reappraisement set forth in the schedule attached.

IT IS FURTHER STIPULATED AND AGREED that this stipulation applies only to birch plywood. The price of all merchandise other than birch plywood appearing on any of the entries herein, such as *doors, blockboard, hardboard, etc.*, is to remain as appraised.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the birch plywood in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the values set forth in column "4" of the schedule, hereto attached and made a part hereof, "packed, less the pro-rated amounts of the nondutiable charges set forth directly after the description of the merchandise."

As to all other merchandise, such as doors, blockboard, hardboard, etc., included in the invoice covered by the entry involved herein, the appraised values thereof are sustained.

Judgment will be rendered accordingly.